UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SARAH DIBBIN D/B/A SWALLOW
    Plaintiff

    v.                                      14-CV-5534  (          )

SWALLOW CAFE, INC.                    COMPLAINT
    Defendant

---

    1. This is a complaint for violations of the Lanham Act 43(a) and various state statutory and common law violations.

    2. Jurisdiction is proper pursuant to 15 USC § 1121 and venue is proper since the Defendant's principal place of business is in the Eastern District of New York.

    3. Plaintiff is a sole proprietorship coffee shop with a principal place of business in Hudson, New York.

    4. Defendant is a New York corporation with a principal place of business in Brooklyn, New York.

    5. Plaintiff has been in business using the trade name SWALLOW since 2009.

    6. When Plaintiff started using the trade name SWALLOW, upon information and belief, there were no other coffee shops using SWALLOW as a trade name in the United States.

    7. Plaintiff's business has been mentioned in numerous publications, including national publications, publications distributed in the New York City area, and internet articles on general interest and food-centric websites.

    8. The City of Hudson has over the past decade experienced a huge influx of visitors and new residents coming from New York City and particularly Brooklyn.

1

Hudson has been referred to in numerous publications, including the *New York Times*, as "The New Brooklyn" and "Brooklyn on the Hudson."

9.  Many small businesses in Hudson also have branches in New York City, or were formally located in New York City.

10.  Roughly two years ago, Plaintiff's patrons began to ask her if her coffee shop was owned by the Swallow coffee shop in Brooklyn of if she also owned a coffee shop in Brooklyn.

11.  These and other similar inquiries have increased in frequency in recent months.

12.  Defendant has wrongfully appropriated Plaintiff's trade name.

13.  Consumers experience actual confusion as a result of Defendant's appropriation of Plaintiff's trade name.

14.   Plaintiff has suffered damage to its business and reputation as a result of Defendant's actions.

**FIRST CAUSE OF ACTION**

15.  Plaintiff repeats paragraphs 1-14.

16.  Defendant's actions infringe Plaintiff's trade name in violation of Lanham Act 43(a).

16.  Plaintiff was harmed thereby.

17.  Defendant is liable to Plaintiffs for damages, treble damages, injunctive relief, and costs including attorney's fees.

**SECOND CAUSE OF ACTION**

18. Plaintiff repeats paragraphs 1-17.

19. Defendant's actions were a deceptive trade practice in violation of Lanham Act 43(a).

20. Plaintiff was harmed thereby.

21. Defendant is liable to Plaintiffs for damages, treble damages, injunctive relief, and costs including attorneys fees.

**THIRD CAUSE OF ACTION**

22. Plaintiff repeats paragraphs 1-21.

23. Defendant's actions violated New York General Business Law § 349.

24. Plaintiff was harmed thereby.

25. Defendant is liable to Plaintiff for damages, treble damages, injunctive relief, and costs including attorneys fees.

**FOURTH CAUSE OF ACTION**

26. Plaintiff repeats paragraphs 1-25.

27. Defendant's actions violated New York General Business Law § 350.

28. Plaintiff was harmed thereby.

29. Defendant is liable to Plaintiff for damages, treble damages, injunctive relief, and costs including attorneys fees.

September 22, 2014

Respectfully submitted

*[signature]*

Paul C. Rapp, Esq.
Attorney for Plaintiff
PO Box 366
247 Beartown Mountain Rd.
Monterey, MA  01245

413.553.3189
paul@paulrapp.com